UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LOFTNESS SPECIALIZED FARM EQUIPMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TERRY TWIESTMEYER, STEVEN HOOD, and TWIESTMEYER & ASSOCIATES, INC.,<br><br>Defendants. | Case No. _____ (____/____)<br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Loftness Specialized Farm Equipment, Inc. ("Loftness"), for its Complaint against Defendants Terry Twiestmeyer, Steven Hood, and Twiestmeyer & Associates Inc., alleges as follows:

**PARTIES**

1.  Loftness is a corporation organized and existing under the laws of the State of Minnesota, having its principle place of business in Hector, Minnesota. Loftness is in the business of manufacturing and selling farm machine attachments.

2.  Defendant Terry Twiestmeyer is an individual residing in Grand Island, Nebraska. Defendant Twiestmeyer was a sales representative for Loftness, starting in 1987. He was also in the business of marketing and selling grain bagging equipment.

3.  Defendant Steven Hood is an individual residing in Springfield, Missouri. Defendant Hood was a sales representative for Loftness, starting in 2008. He was also in the business of marketing and selling grain bagging equipment.

4. Defendant Twiestmeyer & Associates, Inc. is a corporation organized and existing under the law of Nebraska, with its principal place of business in Grand Island, Nebraska. Upon information and belief, Defendant Twiestmeyer & Associates is owned and controlled by Defendant Twiestmeyer.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Loftness and the Defendants and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the actions that form the basis of Loftness's claims against Defendants occurred in the District of Minnesota, and Defendants are subject to personal jurisdiction in Minnesota, due to their contracts with Loftness in Minnesota.

## FACTUAL BACKGROUND

7. In early 2007, Defendants requested a meeting with Loftness to discuss Defendants' idea about improving and manufacturing a grain-bag unloading machine, based on the design of a machine Defendants had been importing from Argentina.

8. The parties met in May 2007 to discuss Defendants' idea. In connection with those discussions, the parties signed a Nondisclosure Agreement. A copy of the Nondisclosure Agreement is attached to the Complaint as Exhibit A.

9. In the summer of 2007, Loftness engineer Bill Schafer developed a prototype of a grain-bag unloading machine based on the machine Defendants had been

importing. Schafer improved the imported machine by incorporating a newly designed clutch system.

10. Unbeknownst to Loftness, on April 21, 2008, Defendants applied for a patent on the grain-bag unloading machine developed primarily by Loftness engineer Bill Schafer. The patent application was published on October 22, 2009.

11. On March 19, 2010, Defendants filed an amendment with the Patent and Trademark Office stating that Schafer was inadvertently omitted from the patent application for the grain-bag unloading machine and requesting that he be added as an inventor on the application. Schafer has assigned his interest in the invention to Loftness.

12. Because the patent application describing the grain-bag unloading machine has been published and is known to the public, and because Bill Schafer is a co-inventor of the patented grain-bag unloading machine, information about the grain-bag unloading machine is not confidential information subject to the Nondisclosure Agreement.

13. Loftness does not possess any other information that could be subject to the Nondisclosure Agreement.

14. On January 1, 2008, Loftness signed a Sales Representation Agreement with Twiestmeyer & Associates, Inc., giving Defendants' rights to sell certain Loftness products in Nebraska. A copy of the Sales Representation Agreement is attached to the Complaint as Exhibit B.

15. Paragraph 7.6 of the Sales Representation Agreement states:

> Entire Agreement Counterparts. This agreement constitutes the entire agreement of the parties with respect to the subject matter hereof, and terminates and supersedes all previous

>relationships and agreements by and between the Company and Representative, as well as all proposals, oral or written, and all previous negotiations, conversations or discussions between the parties related to this Agreement and to any other relationship of any kind between the parties.

16. On May 21, 2008, Loftness and Twiestmeyer & Associates entered an Addendum to the Sales Representation Agreement, amending the Sales Representation Agreement to cover sales of grain bagging equipment. A copy of the Addendum to the Sales Representation Agreement is attached to the Complaint as Exhibit C.

17. On May 21, 2008, Loftness also entered into a two year License Agreement with Defendants Hood and Twiestmeyer, by which Loftness agreed to pay them to license their Grain Bag™ trademark. A copy of the License Agreement is attached to the Complaint as Exhibit D.

18. Under paragraph 3 of the License Agreement, Loftness agreed to pay Twiestmeyer and Hood a 2% override of the dealer net price for all grain bagging equipment Loftness sold.

19. Paragraph 7 of the License Agreement expressly states that the license will last "for a term of two (2) years commencing on the date of the last signature hereto."

20. The License Agreement expired in May 2010.

21. In December 2010, Loftness developed a new trademark, GrainLogix™, and stopped using the trademark Grain Bag™.

22. Loftness's payments to Defendants Hood and Twiestmeyer under the license averaged about $20,000 per month from May 2010 to February 2011.

4

23. Because Loftness stopped using the Grain Bag™ trademark, and because the License Agreement terminated on May 21, 2010, Loftness stopped making payments to Defendants Hood and Twiestmeyer under the License Agreement.

24. On May 5, 2011, Loftness received a letter from Attorney Thomas H. Dahlk claiming that the Nondisclosure Agreement and the License Agreement require Loftness to continue making payments to Defendants Hood and Twiestmeyer indefinitely into the future, and threatening legal action. A copy of the May 5, 2011, Letter is attached to the Complaint as Exhibit E.

25. Under the Declaratory Judgments Act, 28 U.S.C. § 2201, et seq., and Minnesota Statute § 555.01, et seq., Loftness is entitled to a judgment declaring that the Nondisclosure Agreement was either unenforceable and/or has been superseded by the Sales Representative Agreement and has no further force or effect, that Loftness owes no money to Defendants under the Nondisclosure Agreement, and that Loftness has no duty under the Nondisclosure Agreement to make any payments to the Defendants, either now or in the future.

26. Under the Declaratory Judgments Act, 28 U.S.C. § 2201, et seq., and Minnesota Statute § 555.01, et seq., Loftness is entitled to a judgment declaring that the License Agreement has terminated and has no further force or effect, that Loftness owes no money to Defendants under the License Agreement, and that Loftness has no duty under the License Agreement to pay money to any of the Defendants, either now or in the future.

ND: 4848-2135-5785, v1

27. Under the Declaratory Judgments Act, 28 U.S.C. § 2201, et seq., and Minnesota Statute § 555.01, et seq., Loftness is entitled to a judgment that Loftness has no obligation to pay any money to Defendants under any existing contract or obligation now or in the future.

**WHEREFORE**, Loftness prays for relief as follows:

a. for judgment under 28 U.S.C. § 2201, et seq. and Minnesota Statute § 555.01 et seq., declaring that the Nondisclosure Agreement and the License Agreement have no further force or effect, that Loftness owes no money to Defendants, and that Loftness has no duty to pay any of the Defendants under those or any other agreements, either now or in the future;

b. for an order granting Loftness its costs and disbursements incurred in bringing this action; and

c. for such other and further relief that the Court deems just and equitable.

ND: 4848-2135-5785, v1

Dated:  June __08__, 2011.    NILAN JOHNSON LEWIS PA

By:  s/ Karna A. Berg
Karna A. Berg, Reg. No. 198432
Benjamin J. Rolf, Reg. No. 386413
400 • One Financial Plaza
120 South Sixth Street
Minneapolis, MN  55402
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501
Email:  kberg@nilanjohnson.com
brolf@nilanjohnson.com

Attorneys for Plaintiff Loftness Specialized Farm Equipment, Inc.