## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Loftness Specialized Farm Equipment, Inc.,

    Plaintiff/Counterclaim Defendant,

v.

Terry Twiestmeyer; Steven Hood; and Twiestmeyer & Associates, Inc.,

    Defendants/ Counterclaimants.

Civil No. 11-1506 (DWF/TNL)

**ORDER ON MOTIONS IN LIMINE**

This matter came before the Court for a pretrial hearing on January 4, 2018. Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court being other duly advised in the premises, the Court hereby enters the following:

### ORDER

1.    Loftness Specialized Farm Equipment, Inc.'s ("Loftness") Motion in Limine #1 (Doc. No. [162]) to exclude any evidence relating to the Twiestmeyer's health is **GRANTED**. The Court will work with the parties to fairly address any scheduling issues that may arise as a result of any health issues.

2.    Loftness's Motion in Limine #2 (Doc. No. [166]) to exclude evidence regarding reasonable-royalty damages or Loftness's profits is **DENIED**. Loftness also requested that Terry Twiestmeyer, Steven Hood, and Twiestmeyer & Associates, Inc.

("Trial Plaintiffs") be precluded from arguing that the NDA and the Override Agreement may be read together.  The Court addresses that argument for Loftness's Motion in Limine #5.

3. Loftness's Motion in Limine #3 (Doc. No. [170]) to preclude Trial Plaintiffs from referring to Twiestmeyer and Hood as parties to the NDA is **GRANTED**.  Trial Plaintiffs will be permitted to argue that Twiestmeyer and Hood are third-party beneficiaries to the NDA.

4. Loftness's Motion in Limine #4 (Doc. No. [174]) to preclude Plaintiffs from offering at trial any evidence, suggestion, or argument that TAI and Loftness intended that Twiestmeyer and Hood be NDA third-party beneficiaries other than evidence in the form of the language of the NDA, or evidence of the circumstances that were contemporaneous with the NDA's execution is **DENIED**.  Assuming the proper foundation is laid by Trial Plaintiffs, such evidence is presumptively admissible pursuant to the Court's Article 4 analysis.  Loftness also sought to prevent Twiestmeyer and Hood from recovering duplicative damages as third-party beneficiaries.  The Court will address that issue in its jury instructions.

5. Loftness's Motion in Limine #5 (Doc. No. [178]) to exclude evidence that the NDA and Override Agreement should be read together is **DENIED**.  Assuming proper foundation is laid by Trial Plaintiffs, evidence of the Override Agreement is presumptively admissible to show the intent of the parties, but cannot be used to modify the terms of the NDA.

6. Loftness's Motion in Limine #6 (Doc. No. [182]) to swap the parties' designation is **GRANTED** consistent with the Court's January 2, 2018 order (Doc. No. 224).

7. Trial Plaintiffs' Motion in Limine (Doc. No. [190]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Trial Plaintiffs' Motion in Limine to exclude any evidence relating to Loftness's affirmative defenses that have not been pleaded is **GRANTED IN PART** and **DENIED IN PART**. Loftness is precluded from presenting evidence that the NDA was unconscionable or that the restrictive covenant was overly broad. Loftness, however, may present evidence that Trial Plaintiffs waived their right to enforce the NDA and that Trial Plaintiffs failed to mitigate damages. Loftness may also present evidence regarding any remaining defenses in the Reply to the Counterclaim because they are either not affirmative defenses, *see* Federal Rules of Civil Procedure 8(c)(1), or Trial Plaintiffs will not be unfairly prejudiced by the defenses' late inclusion, *see* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 4A *Federal Practice & Procedure* § 1278 (3d ed. 2017) (noting that courts have discretion to allow late affirmative defenses when the objecting party will not be prejudiced).

    b. Trial Plaintiffs' Motion in Limine to exclude any evidence that is contrary to allegations in the Counterclaim is **DENIED**.

      c.      Trial Plaintiffs' Motion in Limine to preclude Loftness from arguing that Trial Plaintiffs' claim is limited to Loftness's business dealings with Brandt Industries is **DENIED**.  The Court will address the scope of the damages in its jury instructions based on the evidence as it is presented at trial.

      d.      Trial Plaintiffs' Motion in Limine to exclude any attempt by Loftness to adduce evidence through Loftness's expert witness relating to the reasonable royalty measure of damages is **DENIED**.  Nonetheless, the Court will not allow Loftness's expert to opine on the proper of measure of damages if that opinion is not provided in his expert report.

8.      Trial Plaintiffs also moved to strike Loftness's Reply to the Counterclaim as untimely (Doc. No. [218]).  Consistent with the order regarding Trial Plaintiffs' Motion in Limine, the Court **DENIES** Trial Plaintiffs' Motion to Strike the Reply to the Counterclaim.

9.      At the pretrial conference, Loftness moved the Court for a continuance of the trial in this matter over Trial Plaintiffs' objections.  Based on the record and arguments, Loftness's Motion to Continue the Trial is **GRANTED**.  **T**he Court will have an on-the-record telephone conference on Monday, January 8, 2018, at 2:00 p.m. CST, to reschedule the trial in this matter.

Dated:  January 5, 2018            s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge